UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| PATRICK PIZZELLA, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>EM PROTECTIVE SERVICES LLC and ERIC MAASIKAS,<br><br>Defendants. | Civil Action No. _____<br><br>(Injunctive Relief Sought) |

# COMPLAINT

This cause of action, which arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., hereinafter the Act, is brought by the Acting Secretary of Labor pursuant to authority granted by Section 11(a) and Section 16(c) of the Act, 29 U.S.C. § 211(a) and § 216(c).

I

Jurisdiction is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, to enjoin violations of the Act and to restrain the withholding of back wages due under the Act; and by 28 U.S.C. § 1345 to award additional amounts, equal to back wages due, as liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

II

A. Defendant, EM Protective Services LLC, a limited liability company organized under the laws of the state of Tennessee, having a place of business and doing business

at 3868 Central Pike, Apt 1114, Hermitage, Tennessee 37076, at all times hereinafter mentioned, has been engaged in security services.

      B.      Defendant, Erik Maasikas, a resident of the state of Tennessee, at all times hereinafter mentioned, has acted directly or indirectly in the interest of EM Protective Services LLC in relation to its employees, and therefore, is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

### III

      A.      Defendants, at all times hereinafter mentioned, have suffered or permitted to work employees, and therefore, have been employers within the meaning of Sections 3(d) and 3(g) of the Act, 29 U.S.C. §§ 203(d) and 203(g). Employees performed security and traffic-control services.

      B.      At all times hereinafter mentioned, Defendants employed employees that have been and are engaged in commerce or in the production of goods for commerce, within the meaning of Sections 3(b) and (j), respectively, of the Act, 29 U.S.C. §§ 203(b) and (j).

### IV

At all times hereinafter mentioned:

      A.      Defendants, having been engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), and

      B.      Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the

retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

    C.  Therefore, during the period at issue, said employees were employed in an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Sections 3(r) and/or 3(s)(1) of the Act, and the employees and the enterprise were subject to Sections 6, 7, and 11(c) of the Act.

V

Since at least January 17, 2016, the Defendants willfully and repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce, or in the production of goods for commerce, the applicable minimum hourly rate.

VI

Since at least January 17, 2016, the Defendants willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce, or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VII

Since at least January 17, 2016, the Defendants, subject to the provisions of the Act, willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516, by failing to make,

keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by the enterprise, as prescribed in the aforesaid Regulations.

VIII

WHEREFORE, cause having been shown, the Acting Secretary of Labor prays for Judgment:

1. Permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act [29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5)] in accordance with Section 17 of the Act [29 U.S.C. § 217];

2. Restraining the withholding of payment of wages found by the Court to be due employees under the Act (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial), for a period of three years prior to the commencement of this action in accordance with Section 17 of the Act [29 U.S.C. § 217];

3. Awarding back wages for a period of three years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in "Exhibit A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial) in accordance with Section 16(c) of the Act [29 U.S.C. § 216(c)]; and

4. For such other and further relief as may be necessary and appropriate including but not limited to interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid; and costs of this action.

Respectfully submitted,

KATE S. O'SCANNLAIN
Acting Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

THERESA BALL
Associate Regional Solicitor

*/s/ Thomas J. Motzny*
THOMAS J. MOTZNY
Attorney

U.S. Department of Labor
Attorney for Plaintiff

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street
Suite 230
Nashville, Tennessee 37219
Telephone: 615/781-5330, Ex. 233
Facsimile: 615/781-5321